IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| BASS SEAFOOD, INC. AND SIKANDER (SEAN) HUSSAIN, | § § § § | |
| *Plaintiffs*, | § § | CIVIL ACTION NO. 1:19-cv-00448 |
| v. | § § | JURY |
| SCOTTSDALE INSURANCE COMPANY, | § § § § | |
| *Defendant*. | | |

### SCOTTSDALE INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant SCOTTSDALE INSURANCE COMPANY ("Scottsdale") files its Notice of Removal to the United States District Court for the Eastern District of Texas, Beaumont Division, on the basis of diversity of citizenship, and amount in controversy, and respectfully shows the following:

#### I. PROCEDURAL BACKGROUND

1. On August 12, 2019, Plaintiffs Bass Seafood, Inc. and Sikander (Sean) Hussain ("Bass Seafood" or "Plaintiffs") filed their Original Petition in a case styled *Bass Seafood and Sikander (Sean) Hussain v. Scottsdale Insurance Company;* Cause No. A190307-C, pending in the 128th Judicial District Court, Orange County, Texas.

2. Scottsdale received a copy of the Plaintiffs' Original Petition on August 22, 2019.

3. Scottsdale files this notice of removal within 30 days of receiving Plaintiffs' Original Petition. *See* 28 U.S.C. § 1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *see id.*

4. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

5. Attached hereto are copies of the following documents:

- **Exhibit 1:** Plaintiffs' Original Petition
- **Exhibit 2:** Citation served upon Scottsdale Insurance Company
- **Exhibit 3:** Defendant Scottsdale Insurance Company's Original Answer to Plaintiffs' Original Petition
- **Exhibit 4:** List of Parties and Counsel and Other Information

## II. BASES FOR REMOVAL

6. Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

### A. Plaintiffs and Defendant Scottsdale are diverse.

7. **Plaintiff** Bass Seafood, Inc. is a Domestic For-Profit Corporation.

8. **Plaintiff** Sikander (Sean) Hussain is an individual residing in Texas.

9. **Defendant** Scottsdale Insurance Company is incorporated under the laws of the State of Ohio, with its principal place of business in Scottsdale, Arizona. Scottsdale is therefore not a citizen of the State of Texas for diversity purposes.

10. Thus, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiffs and Scottsdale.

### B. The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction.

11. Plaintiffs allege that Defendant is liable under a commercial insurance policy because Plaintiffs made a claim under that policy and Defendant wrongfully adjusted and underpaid Plaintiffs' claim. Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir.1998). An action in state court may be removed to federal court if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441.

To establish diversity jurisdiction under 28 U.S.C. § 1332, the parties must be diverse, and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332; *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). To determine whether jurisdiction is present for removal, the claims in the state court petition are considered as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

12. When a defendant seeks to remove a lawsuit on the basis of diversity jurisdiction, the federal court ordinarily determines the amount in controversy based on the specific "good faith" sum demanded by the Plaintiffs in the state court petition. *See* 28 U.S.C. § 1446(c)(2); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("[U]nless the law gives a different rule, the sum claimed by the Plaintiffs controls if the claim is apparently made in good faith."). But when, in contravention of state law, a Plaintiff specifically alleges that damages will not exceed the federal jurisdictional amount, the pleading is not made in good faith and the deference typically afforded the Plaintiff's pleading does not apply. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir.1995) (noting that "the face of the Plaintiff's pleading will not control if made in bad faith," and criticizing manipulative tactics by Plaintiffs that reduce the amount in controversy to avoid federal jurisdiction and removal).

13. Furthermore, Texas Rule of Civil Procedure 47(c) requires that Plaintiffs plead in certain predefined damage ranges: e.g., "only monetary relief of $100,000 or less," or "monetary relief over $100,000 but not more than $200,000." Plaintiffs have failed to plead in a predefined damage range. Instead, Plaintiffs have alleged that the costs of repair are $62,916.03 and alleged that "additional cost of repairs will likely be found as construction proceeds." There is no

provision in Rule 47 permitting a Plaintiff to plead for damages as Plaintiffs have done here. [*See* Plaintiffs' Original Petition, Paragraph VII].

14. A removing defendant satisfies its burden of proof when it shows by a preponderance of the evidence that the amount in controversy actually exceeds the jurisdictional minimum at the time of removal. *De Aguilar,* 47 F.3d at 1408-11. A removing defendant can show the amount in controversy actually exceeds the jurisdictional minimum if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000.00, or, (2) the defendant sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount." *See e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

15. Plaintiffs have seemingly attempted to frustrate this Court's federal diversity. Plaintiffs also seek unqualified costs, statutory penalties, interest, and punitive damages. [*See* Plaintiffs' Original Petition, Paragraph VIII]. In addition, Plaintiffs seek pre and post judgment interest and attorney's fees [*See* Plaintiffs' Original Petition, Paragraph IX Prayer]. Given the nature of the case, Plaintiffs' damage model exceeded the requisite jurisdictional threshold of $75,000 at the time of removal.

16. Because Texas law does not preclude a court or jury from awarding an amount greater than what Plaintiffs seek in Plaintiffs' pleadings and other filings, such an affirmation, without more, does not provide sufficient certainty that Plaintiffs would not be able to recover more in state court than the amount Plaintiffs would seek. *See Washington-Thomas v. Dial Am. Mktg., Inc.*, EP-12-CV-00340-DCG, 2012 WL 5287043, at *3 (W.D. Tex. Oct. 23, 2012)(not reported).

17. Since the Plaintiffs requested attorney's fees, court costs, and additional damages allowed by the DTPA, and Texas Insurance Code, it was facially apparent from the petition, that Plaintiffs' damages would likely exceed the requisite $75,000 threshold at the time of removal. Furthermore, where a Plaintiff wants to prevent removal, a binding stipulation or affidavit **must be filed with their original complaint**. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995) (emphasis added) (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992) (per curiam)). Once the case has been removed by the defendants, later filings become "irrelevant" for determining jurisdiction. *Id.*; *Carrasquillo v. State Farm Lloyds*, 17 F. Supp. 3d 584, 586 (W.D. Tex. 2013).

18. Scottsdale has shown by the preponderance of the evidence that Plaintiffs' amount in controversy likely exceeded the minimal jurisdictional threshold at the time of removal.

### III.   THIS REMOVAL IS PROCEDURALLY CORRECT

19. Scottsdale received a copy of this lawsuit on August 22, 2019. Thus, Scottsdale is filing this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

20. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because i) this District and Division include the county in which the state action has been pending, and ii) a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

21. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

22. Promptly after Scottsdale files this Notice of Removal, written notice of the filing will be given to Plaintiffs pursuant to 28 U.S.C. §1446(d).

23. Promptly after Scottsdale files this Notice of Removal, a true and correct copy of same will be filed with the District Clerk of the Orange County District Court pursuant to 28 U.S.C. §1446(d).

## IV. CONCLUSION

24. Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Defendant Scottsdale Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

By: */s/ George Arnold*
**George H. Arnold**, *Attorney-in-Charge*
State Bar No. 00783559
garnold@thompsoncoe.com
**Susan Sparks Usery**
State Bar No. 18880100
susery@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, LLP
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299

**ATTORNEYS FOR DEFENDANT
SCOTTSDALE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 20, 2019, a true and correct copy of the foregoing instrument was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure, and any applicable Local Rules, as follows:

David Dies
1703 Strickland Drive
Orange, Texas 77630
rherford@dieslaw.com
*Attorney for Plaintiff*

*/s/ George Arnold*
George Arnold